Jindi Chen v Wang Law Off. PLLC (2025 NY Slip Op 51947(U))

[*1]

Jindi Chen v Wang Law Off. PLLC

2025 NY Slip Op 51947(U)

Decided on December 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

571190/25

Jindi Chen, Plaintiff-Respondent,
against Wang Law Office PLLC, Defendant-Appellant.

Defendant appeals from (1) an order of the Civil Court of the City of New York, New York County (Shahabuddeen A. Ally, J.) dated April 18, 2024, which denied its motion to vacate its default and for leave to file an answer and (2) a judgment of the same court (Rena Malik, J.), entered on or about February 10, 2025, after inquest, in favor of plaintiff in the principal sum of $10,000.

Per Curiam.
Judgment (Rena Malik, J.), entered on or about February 10, 2025, reversed, without costs, defendant's answer is deemed served and filed, and the matter remanded for further proceedings. Appeal from order (Shahabuddeen A. Ally, J.), dated April 18, 2024, dismissed, without costs, as subsumed in the appeal from the judgment. 
Defendant's unopposed motion for leave to serve a late answer should have been granted (see CPLR 3012 [d]). Defendant proffered a reasonable excuse for its delay in responding to the complaint by submitting an affidavit averring that the summons and complaint were mailed to its former office address, and that they moved for relief once they received notice of the action. Moreover, there is no indication that plaintiff was prejudiced by the delay. Although defendant was not required to set forth a meritorious defense because no default judgment had been entered (see Nason v Fisher, 309 AD2d 526 [2003]), their papers set forth several potentially meritorious defenses.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 11, 2025